IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKKE L. GREEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. CIV-05-1192-L |
| ) | |
| **DENVER KIRBY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner appearing pro se, has filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Equal Protection Clauses of the Fourteenth Amendment by singling Plaintiff out and having him charged with felony possession of contraband, *i.e.,* a homemade knife, while incarcerated in the Oklahoma County Jail. Plaintiff is requesting declaratory relief, injunctive relief and money damages. Pursuant to an order entered by United States District Judge Tim Leonard, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, it is recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and Plaintiff ordered to pay the $250 filing fee for this action to proceed. 28 U.S.C. §§ 1915(a)(1), (g). *See Lister v. Department of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (magistrate judge should have issued a report and recommendation, recommending denial of the motion to proceed *in forma pauperis*.).

In an order dated October 19, 2005, the undersigned noted that on three or more occasions while incarcerated Plaintiff has brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed

to state a claim upon which relief may be granted. The prior occasions ("strikes") set out in that order include the following:

(1) *Green v. Seymour*, 59 F.3d 1073 (10th Cir. 1995) (affirming the Northern District's dismissal of Plaintiff's claims as frivolous);

(2) *Green v. Simpson*, 1994 WL 642190 (10th Cir. Nov. 15, 1994) (affirming Northern District's orders dismissing Plaintiff's claims as frivolous);

(3) *Rikke Leon Green v. Hon. Ralph G. Thompson, et al.*, CIV-94-56-R, United States District Court for the Western District of Oklahoma (Order dismissing case on June 3, 1994 for failure to state a claim upon which relief may be granted. Plaintiff's appeal of this order to the Tenth Circuit was dismissed for lack of prosecution on December 12, 1994, Case No. 94-6240, Tenth Circuit Court of Appeals); and

(4) *Rickke L. Green v. David C. Phillips, III, et al.*, Case No. CIV-93-1498-T, United States District Court for the Western District of Oklahoma (Order dismissing Plaintiff's claims as frivolous entered August 15, 1994. Plaintiff's appeal of this order to the Tenth Circuit was dismissed on January 23, 1995, on the ground that Plaintiff had waived his right to appeal by failing to file any objections to the Magistrate Judge's recommendation, Case No. 94-6332, Tenth Circuit Court of Appeals).

In light of these prior occasions, Plaintiff would be barred from proceeding *in forma pauperis* unless he could show that he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff was advised that unless he made such showing on or before November 8, 2005, the undersigned would recommend that his motion for leave

to proceed *in forma pauperis* be denied.  On October 24, 2005, Plaintiff filed an application and a supplemental application purporting to demonstrate the existence of imminent danger.  Plaintiff does not deny that he has three prior strikes against him.

In his original application, Plaintiff asserts that his 30 year sentence of imprisonment in violation of the Constitution is in itself a serious physical injury and an actual death sentence for Plaintiff who is 51 years old.  In his supplemental application, Plaintiff asserts that imprisonment which deprives a prisoner of life and liberty is "one of the highest forms of serious physical injury."  However, these applications fail to allege facts sufficient to establish that he comes within the "imminent danger of serious physical harm" exception of § 1915(g).  Under Plaintiff's theory any prisoner would be able to claim this exception based solely on his incarceration.  Although due to his age and the length of his sentence, Plaintiff may indeed die in prison, he makes no allegation that death or any serious physical injury is imminent.  *See e.g. White v. State of Colorado*, 157 F.3d 1226, 1232, 1235 (10th Cir. 1998) (plaintiff failed to raise a "credible allegation" that he was "in imminent danger of serious physical harm" where he alleged that he had been denied life sustaining medication, had been beaten and tortured but did not specify "even the general nature of a serious physical injury[.]").

The undersigned finds that Plaintiff has failed to allege facts sufficient to establish that he is entitled to proceed *in forma pauperis* under the imminent danger exception of § 1915(g).  Therefore, it is recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the $250 filing fee pursuant to 28 U.S.C. § 1915(g).  The undersigned further recommends denial of Plaintiff's Application for Stay [Doc. No. 15] which requests this action be stayed while

he asks the Tenth Circuit to address certain questions relating to his claim of imminent danger.

Finally, it is recommended that unless Plaintiff pays the $250 filing fee in full to the Clerk of the Court within twenty (20) days of any order adopting this Report and Recommendation, this action be dismissed without prejudice to refiling. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 16, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

ENTERED this 27th day of October, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE