IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

RICKKE L. GREEN,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        Case No.  CIV-05-1192-L
                                    )
DENVER KIRBY, *et al.*,             )
                                    )
            Defendants.             )

**O R D E R**

This matter is before the court for review of the October 27, 2005 Report

and Recommendation entered by United States Magistrate Bana Roberts in this

civil rights action brought pursuant to 42 U.S.C. § 1983 by plaintiff, a state

prisoner appearing *pro se.*  The Magistrate Judge recommends that plaintiff's

motion for leave to proceed *in forma pauperis* be denied and plaintiff be ordered

to pay the $250 filing fee for this action to proceed, pursuant to 28 U.S.C. §§

1915(a)(1), (g).

Since the time of the Report and Recommendation, plaintiff has filed an

application for disqualification of the court and an application for access to the law

library.[1]  Plaintiff also filed an "Application for Court Order for Prompt Access to

---

[1]     These applications are identical to ones filed in <u>Rickke L. Green v. Palumbo</u>, CIV-05-
1206-L .  Both motions were denied by the court in that case.

Jail's Law Library to Adequately Submit Objections to Report and Recommendation."  Plaintiff asserts that he needs to "deeply study" the Prison Litigation Reform Act in order to prepare an objection.  Upon review of the basis for the Report and Recommendation, however, the court finds that additional legal research is not necessary.

As noted by the Magistrate Judge in her thorough Report and Recommendation, plaintiff was previously advised in an October 19, 2005 order that on three or more occasions while incarcerated he has brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  The prior occasions were set out not only in the October 19, 2005 order but also in the Report and Recommendation.  Based upon these prior occasions, the Magistrate Judge concluded that plaintiff would be barred from proceeding *in forma pauperis* unless he could show that he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff did not and has not denied that he has three prior strikes against him.  The previous dismissals are a matter of record and are not subject to dispute.  To the extent there were facts sufficient to controvert the three prior strikes, these facts would be within plaintiff's own knowledge and obviously would not require legal research.

The court also finds that legal research would not be required in order for plaintiff to make a credible allegation of imminent danger of serious physical

harm.  Plaintiff has argued that  his thirty year prison sentence is in itself a

serious physical injury, but this argument was properly rejected by the Magistrate

Judge and has been rejected in some of plaintiff's other actions as well.  As noted

by the Magistrate Judge, "Although due to his age and the length of his sentence,

Plaintiff may indeed die in prison, he makes no allegation that death or any

serious physical injury is imminent."  Report and Recommendation, p. 3.  In sum,

the court finds that additional legal research is not required and plaintiff's

"Application for Court Order for Prompt Access to Jail's Law Library to Adequately

Submit Objections to Report and Recommendation" **[Doc. No. 19]** is **DENIED.**

      The court has carefully reviewed the other post-Report and

Recommendation filings of the plaintiff and liberally construes them as objections.

Plaintiff's filings do not dispute the record of his previously filed civil actions or the

applicability of the statute cited by the Magistrate Judge.  Rather, plaintiff's filings

primarily contain allegations of "bias, prejudice, and oppression" against the

judges of this court.  In light of plaintiff's *pro se* status, the court construes his

pleadings liberally.  However, as the Tenth Circuit has recently observed, the

court should not allow liberal pleading rules and *pro se* practice to be a vehicle for

abusive documents.  Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836,

841 (10th Cir. 2005) (citing Theriault v. Silber, 579 F.2d 302, 303 (5th Cir. 1978)).

The liberal nature of *pro se* practice is a "shield against the technical

requirements of a past age; it is not a sword with which to insult a trial judge."  Id.

Plaintiff's allegations of bias and prejudice are contradicted by the impartial and thorough manner in which his numerous filings have been evaluated and liberally construed by the court.  Also, his allegations of denial of access to the courts or to justice are contradicted by the sheer volume of his filings, which have been properly considered under the established legal precedents despite their largely disrespectful tone.  The court believes there is no reasonable, objective basis on which the court's impartiality may be reasonably questioned in connection with its documented actions in this case.  As pointed out by the Magistrate Judge, 28 U.S.C. § 1915(g) does not operate to prevent plaintiff from filing a new civil action, it merely prohibits him the privilege of proceeding without paying the filing fee. The court believes there is no reasonable, objective basis on which the court's impartiality may be reasonably questioned in connection with its documented actions in this case.  Therefore, plaintiff's Application for Disqualification of Entire Court **[Doc. No. 17]** should be and is **DENIED**. Because plaintiff's allegations of bias and prejudice are unfounded, plaintiff's Application for Court Order for Prompt Access to Jail's Law Library to Adequately Defend Instant Actions **[Doc. No. 18]** is also **DENIED.**

Having conducted a *de novo* review of the matter, the court finds that the Report and Recommendation should be and is hereby adopted in its entirety. **Plaintiff's motion for leave to proceed *in forma pauperis* is DENIED.  Unless plaintiff pays the $250 filing fee in full to the clerk of the court within twenty**

4

**(20) days of the date of this order, this action will be dismissed without**

**prejudice without further notice.**

It is so ordered this 30th day of January, 2006.

TIM LEONARD
United States District Judge